UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORTFOLIO RECOVERY ASSOCIATES LLC,<br><br>Plaintiff,<br><br>v.<br><br>ANGELICA-FLORES DELOS REYES,<br><br>Defendant. | Case No. 23-cv-00425-AMO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 3 |

Before the Court is Plaintiff's unopposed motion to remand. The matter is fully briefed and suitable for decision without oral argument. *See* Civil L.R. 7-1(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **GRANTS** the motion to remand for the following reasons.

**I.     BACKGROUND**

On February 27, 2020, Plaintiff Portfolio Recovery Associates, LLC ("Portfolio") filed a complaint against Defendant Angelica Delos Reyes for debt collection of $7,093.85 in Superior Court of California, County of San Mateo. ECF 1-1 at 7-9, 73. Defendant was served by substituted service on March 12, 2020. ECF 3 at 17. Defendant answered the complaint on December 3, 2021, and cross-claimed for abuse of process, harassment, intentional infliction of emotional distress, and false light. ECF 1-1 at 19-37. On December 7, 2021, Defendant amended her cross-complaint, adding additional causes of action, and seeking $360,000 in "combined general damages." ECF 1-1 at 39, 49. Plaintiff filed a motion to strike Defendant's cross-complaint under California Code of Civil Procedure § 425.16. ECF 1-1 at 274. After litigating this matter, contesting the court's tentative ruling on the anti-SLAPP motion, and requesting continuances, ECF 1-1 at 328, 472, 482, Defendant filed a notice of removal on January 30, 2023,

listing 35 cross-defendants. ECF 1. Plaintiff filed the instant motion to remand on February 23, 2023. ECF 3.

## II. LEGAL STANDARD

A defendant in state court may remove an action to federal court if the action could have been filed originally in federal court. 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing the basis for the federal court's jurisdiction. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Where a case has been removed, the district court may remand for a lack of subject matter jurisdiction at any time before final judgment. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

Original jurisdiction may be based on a federal question or diversity. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. §§ 1331, 1332. Under 28 U.S.C. § 1331, district courts have original jurisdiction over any action that arises under the Constitution, laws, or treaties of the United States. Under the "well-pleaded complaint" rule, a federal question must be presented on the face of the plaintiff's complaint at the time of removal for federal question jurisdiction to exist. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Under 28 U.S.C. § 1332, district courts also have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states. The "complete diversity" rule requires that every plaintiff is a citizen of a different state from every defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996).

## III. DISCUSSION

As a matter of procedure, Defendant's notice of removal fails to sufficiently assert a basis for federal jurisdiction. A defendant seeking to remove an action must provide a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The notice of removal "must allege the underlying facts supporting each of the requirements for removal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). The notice of removal here simply concludes that the Court has federal question jurisdiction because "federal law is a potential ingredient in the case."

ECF 1 at 4. However, it fails to provide any facts to support this assertion, fails to address the absence of a federal cause of action on the face of the complaint, and appears to rely on the existence of federal issues in potential defenses and counterclaims, which are insufficient bases for federal question jurisdiction. *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011). Further, the notice of removal simply concludes that there is diversity jurisdiction without providing any factual allegations to support that claim. ECF 1 at 2.

Defendant argues that remand is proper in this case for three reasons: (1) removal was untimely; (2) Defendant cannot remove this case under diversity jurisdiction because the forum defendant rule applies; and (3) on the face of the complaint, which governs jurisdictional questions, there is no federal question. ECF 3 at 9-11. The Court considers each in turn.

### A. Timeliness

Under 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal within 30 days after defendant's receipt of the initial pleading or within 30 days after service of the summons upon the defendant. "If a notice of removal is filed after this thirty-day window, it is untimely and remand to state court is therefore appropriate." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007). Defendant was served on March 12, 2020. ECF 3 at 17. She filed her notice of removal on January 30, 2023, well beyond the 30-day window. ECF 1. As removal was untimely, and Plaintiff timely challenged removal on this basis, the case must be remanded. ECF 3; 28 U.S.C. § 1447(c).

### B. Forum Defendant Rule

Further, Defendant may not remove the case under diversity jurisdiction as she is a citizen of the forum state. Section 1441(b) provides that when removal is on the basis of diversity jurisdiction, the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Lincoln Property Co. v. Roche*, 546 U.S. 81, 90 (2005) (citing 28 U.S.C. § 1441(b)) ("An in-state plaintiff may invoke diversity jurisdiction, but § 1441(b) bars removal on the basis of diversity if any 'part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought'"); *Spencer v. U.S. Dist. Ct. for N. Dist. of Ca.*,

393 F.3d 867, 870 (9th Cir. 2004) ("the presence of a local defendant at the time removal is sought bars removal").

Because Delos Reyes is a citizen of California, she cannot remove the case from California state court based on diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(2). Moreover, Defendant fails to allege that (where Plaintiff asserts a claim for a $7,093.85 debt) the amount in controversy exceeds $75,000. Defendant also fails to identify the citizenship of the 35 cross-defendants she identifies in the notice of removal. Defendant has thus provided insufficient facts for the Court to determine that it has diversity jurisdiction. *See Leite*, 749 F.3d at 1122.

### C. Federal Question

Even if these procedural hurdles were not present, Defendant fails to show a federal question arising out of Plaintiff's complaint. Defendant's anticipated federal defenses or counterclaims cannot confer jurisdiction. *Caterpillar*, 482 U.S. at 392. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Id*. The well-pleaded complaint rule applies when determining federal question jurisdiction for removal purposes. *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 686 (9th Cir. 2022). "[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense … even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 14, (1983); *see Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court …").

Counterclaims cannot form the basis of § 1331 jurisdiction. *See K2 America Corp*, 653 F.3d at 1029 ("[f]ederal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated"); *see also Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009) ("counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance"). The Supreme Court has held that this rule holds true even where the counterclaim in question is a compulsory counterclaim. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-32 (2002).

Plaintiff sued Defendant to collect a $7,000 debt, alleging causes of action under California Civil Code § 1788.50. ECF 1-1 at 7-9. In the notice of removal, Defendant lists various federal statutes that Plaintiff and other cross-defendants allegedly violated. ECF 1 at 2-3. However, Defendant's counterclaims cannot establish federal question jurisdiction. *See Metropolitan Life*, 481 U.S. at 63; *Vaden*, 556 U.S. at 62; *Valles*, 410 F.3d at 1075. Because Defendant has not identified any federal question in the complaint or in her notice of removal, the Court does not have federal question jurisdiction over this case.

## IV. CONCLUSION

For the foregoing reasons, the Court does not have subject matter jurisdiction. Accordingly, the Court **GRANTS** Plaintiffs' motion to remand. The Clerk **SHALL** transmit the file to the County of San Mateo Superior Court and close the file in this Court.

**IT IS SO ORDERED.**

Dated: September 1, 2023

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**